IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYREESE GIBSON,<br><br>            Plaintiff,<br><br>    v.<br><br>L. HARRY, et al.,<br><br>            Defendants. | Civil Action No. 2: 19-cv-1647<br><br>Chief United States Magistrate Judge<br>Cynthia Reed Eddy |

**MEMORANDUM OPINION**

Presently before the Court are Motions to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b) for lack of prosecution filed by Defendants. (ECF Nos. 58 and 60). For the reasons that follow, the motions will be granted and this case will be dismissed for lack of prosecution.

**Background**

This case was initiated on December 19, 2019, when the Court received Plaintiff's motion for leave to proceed *in forma pauperis*, which an attached Civil Rights Complaint. (ECF No. 1). At that time, Plaintiff was a Pennsylvania state prisoner in the custody of the Pennsylvania Department of Corrections. Because the motion was submitted without the financial paperwork required by the PLRA, the case was administratively closed and Plaintiff was informed that the case would be reopened by either tendering the full filing fee or submitting the required financial information. (ECF No. 2.) On February 13, 2020, Plaintiff submitted a completed motion for leave to proceed *in forma pauperis* (ECF No. 4), the case was reopened that same day, and the motion for leave to proceed IFP was granted on February 27, 2020. (ECF No. 8).

On February 28, 2020, Plaintiff filed an Amended Complaint (ECF No. 9). On April 6, 2020, due to COVID-19 concerns, the process of service documents was delayed and the case was administratively closed and stayed. (ECF No. 11). On May 21, 2020, the case was reopened, and on

1

June 10, 2020, the Court directed the United States Marshal to mail a copy of the Amended Complaint and all service documents to Defendants. (ECF No. 16).

Defendants filed Motions to Dismiss the Amended Complaint (ECF Nos. 36 and 42), Plaintiff filed an Omnibus Response (ECF No. 50), to which Defendants filed Replies. (ECF Nos. 51 and 54). On May 11, 2021, the Court was informed by the Records Department of SCI-Pine Grove that Plaintiff had been was paroled/released from DOC custody on February 24, 2021. Upon being advised of this development and not having received a Notice of Change of Address from Plaintiff, the Court entered an Order statistically closing the case informing Plaintiff that "[t]he Court cannot properly control its docket, move this action forward, and properly protect the rights of all parties if the Court does not have a valid address. See Standing Order, ECF 7 re obligation of Plaintiff to keep Court informed of current address." (ECF No. 56). The case has remained administratively closed since that time.

On July 16, 2021, Defendants filed the instant motions seeking to have the case dismissed for lack of prosecution. (ECF Nos. 58 and 60). The Court finds that it is futile to order a response from Plaintiff, as Plaintiff has never updated his address with the Court as required by the Standing Order issued on February 27, 2020. (ECF No. 7).

The parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* 28 U.S.C. § 636 *et seq*.; Consent to Trial / Jurisdiction by United States Magistrate Judge (ECF Nos. 21, 40, and 53).

## Discussion

This case has been lingering on the Court's docket solely through the fault of the Plaintiff, and should not be allowed to linger any longer. The Court cannot properly control its docket, move this action forward and properly protect the rights of all parties if the Plaintiff fails to comply with orders issued by this Court. Moreover, such conduct should not be condoned in light of the large

prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review. A plaintiff's failure to comply with a Court order constitutes a failure to prosecute this action, and therefore, this action is subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b), which states in pertinent part:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.

Fed. R. Civ. P. 41(b).

Presently pending are Defendants' motions to dismiss for Plaintiff's failure to prosecute the case and failure to comply with a Court order requiring him to keep the Court informed of his current address.

The Court of Appeals for the Third Circuit has established a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

(1) extent of the party's personal responsibility;

(2) prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was willful or in bad faith;

(5) effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6) meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). In weighing the *Poulis* factors, the Court must analyze the factors in light of the "strong policy favoring decisions on the merits." *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir 2019). Our appellate court has emphasized that "dismissals with prejudice or defaults are drastic sanctions. Although a court must

balance the six factors, it need not find that all factors are met before dismissing an action with prejudice. *Hoxworth v. Blinder, Robinson & Co.,* 980 F.2d 912 (3d Cir. 1992) (applying some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (finding it is not necessary that all of the factors point toward a default before that sanction will be upheld). A review and assessment of the *Poulis* factors weighs heavily in favor of dismissing this action based on Plaintiff's failure to prosecute:

1. The Extent of the Party's Personal Responsibility

"[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal." *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund,* 29 F.3d 863, 873 (3d Cir. 1994). In determining personal responsibility for the delay, the Court must distinguish "between a party's responsibility for delay and counsel's responsibility." *Hildebrand*, 923 F.3d at 133 (*citing Poulis*, 747 F.2d at 868). A plaintiff is not conjecturally responsible for his or her counsel's delay. *Id*. Any doubt as to personal responsibility should be resolved " ' in favor of reaching a decision on the merits'." *Id*. at 138 (quoting *Emerson v. Thiel Coll*., 296 F.3d 184, 190 (3d Cir. 2002)).

Here, Plaintiff was advised that he had a continuing obligation to notify the Court of any change of address and failure to do so may result in the dismissal of the case. The failure to follow this Order is Plaintiff's responsibility. This factor weighs heavily in favor of dismissal.

2. Prejudice to the Adversary

Prejudice to the adversary is a substantial factor in the *Poulis* analysis, but like any other factor, it is not dispositive. *Hildebrand*, 923 F.3d at 134. Defendants retained attorneys and have expended time and energy to resolve this matter. This factor weighs in favor of dismissal.

4

    3.    <u>A History of Dilatoriness</u>

A history of dilatoriness is generally established by repeated "delay or delinquency." *Adams*, 29 F.3d at 984. While once or twice is normally insufficient, this factor weighs in favor of dismissal where the plaintiff has a history of repeated delay. *Hildebrand*, 923 F.3d at 135 (citation omitted). In addition to repeated acts, "extensive" delay can also create a history of dilatoriness. *Adams*, 29 F.3d at 874. A "failure to prosecute" does not require that plaintiff take affirmative "steps to delay the trial . . . it is quite sufficient if [he/she] does nothing . . . ." *Id*. at 875 (citation omitted).

Here, Plaintiff has not interacted with the Court since his release from custody and has not provided his change of address. This is sufficient evidence, in the Court's view, to indicate that Plaintiff no longer desires to proceed with this action. Thus, this factor weighs in favor of dismissal.

    4.    <u>Whether the Party's Conduct Was Willful or In Bad Faith</u>

In determining if Plaintiff's conduct constituted willful or bad faith, the "court should look for 'the type of willful or contumacious behavior' that can be characterized as 'flagrant bad faith,' such as [a case history of] failing to answer interrogatories for nearly a year and a half, demanding numerous extensions, ignoring admonitions by the court, and making false promises to correct delays." *Hildebrand,* 923 F.3d at 135 (citing *Scarborough*, 747 F.2d at 875 (citation omitted)). "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. Although "[a] lengthy delay reflects 'inexcusable negligent behavior,' id. at 876, . . . that behavior alone does not rise to the level of willfulness or bad faith." *Hildebrand*, 923 F.3d at 135. Finally, "[b]ecause the harsh sanction of dismissal should serve to deter bad faith or self-serving behavior, and because of our policy of favoring decisions on the merits, [in the absence of evidence] that the delay was not effectuated willfully or in bad faith, [this factor] should weigh against dismissal." *Id*. at 136.

There is no indication on this record that Plaintiff's failure to respond to the Court's orders was the result of any excusable neglect. Plaintiff was specifically informed that failure to keep the

5

Court informed of his current address would result in the case being dismissed. The conclusion that his failure to do so is willful is inescapable. Therefore, this factor weighs in favor of dismissal.

5. <u>Alternative Sanctions</u>

A district court must thoroughly consider "alternative sanctions before dismissing a case with prejudice." *Id*. (citing *Briscoe*, 538 F.3d at 262). The Court should also provide an analysis of effectiveness sufficient "to honor [the] longstanding tradition of favoring decisions on the merits." *Id*. In so doing, the court should be mindful that "[a]lternatives are particularly appropriate when the plaintiff has not personally contributed to the delinquency." *Poulis*, 747 F.2d at 866 (citations omitted). "[A]lternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." *Hildebrand*, 923 F.3d at 136. They are not required to be "completely amelioriative." *Id*.

There are no alternative sanctions which would adequately punish Plaintiff for his failure to adhere to this Court's orders; imposing a monetary sanction on Plaintiff, who is proceeding *in forma pauperis*, would not be effective as he appears to be impecunious. Therefore, the Court can see no alternative sanction that would be appropriate other than dismissal.

6. <u>Meritoriousness of the Claim or Defense</u>

"The standard for determining whether a plaintiff's claims are meritorious 'is moderate.' " *Adams*, 29 F.3d at 876. The standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim, and not a summary judgment standard, is applicable in a *Poulis* analysis. *Id*. at 869-70. This factor neither weighs for or against dismissal.

In summary, at least five of the six *Poulis* factors weigh heavily in favor of dismissal. The Court cannot properly control its docket, move this action forward, and properly protect the rights of all parties if Plaintiff fails to comply with orders issued by this Court and fails to provide the Court

with his current address. Accordingly, Defendants' motions will be granted and this action will be dismissed in its entirety with prejudice for Plaintiff's failure to prosecute.

An appropriate Order will be entered.

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

DATED: July 19, 2021

cc:	All Counsel of Record
	(via ECF electronic notification)